IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Midwest Operating Engineers Welfare Fund; | ) | |
| Midwest Operating Engineers Pension Trust Fund; | ) | |
| Operating Engineers Local 150 Apprenticeship Fund; | ) | CIVIL ACTION NO. |
| Plaintiffs, | ) | |
| v. | ) | JUDGE: |
| | ) | |
| Jim George & Sons, LLC | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**
**SUIT TO COLLECT DELINQUENT CONTRIBUTIONS**

Plaintiffs, Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; and Operating Engineers Local 150 Apprenticeship Fund; (collectively "the Funds"); bring this action to collect contributions from Defendant, Jim George & Sons, LLC.; ("Jim George LLC").

1. This Court has jurisdiction over this action pursuant to ERISA, 29 U.S.C. §§ 1132, 1145 and 28 U.S.C. § 1331, because ERISA is a federal statute.

2. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132 (e)(2), because the Funds are located and administered in Cook County, Illinois.

3. The Funds are "employee benefit plans" and/or "plans" within the meaning of ERISA, 29 U.S.C. § 1002(3).

4. The International Union of Operating Engineers Local 150, AFL-CIO ("Local 150" or "Union") is an "employee organization" under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(4); and a "labor organization" under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 152(5).

5. Defendant Jim George LLC is an "employer" within the meaning of ERISA, 29 U.S.C. § 1002(5) and an "employer" within the meaning of the LMRA, 29 U.S.C. § 152(2). It is a corporation engaged in the construction industry with its principal office in Maple Park, Illinois.

6. Jim George LLC identified Rich George as Registered Agent (attached as Exhibit A).

7. On June 1, 2011, Jim George LLC through its President, James George, signed a collective bargaining agreement ("CBA") known as the Private/Commercial Asphalt Paving Agreement between Jim George & Sons LLC and the International Union of Operating Engineers, Local 150, AFL-CIO (attached as Exhibit B).

8. The CBA and the Agreements and Declarations of Trust incorporated therein require Jim George LLC to make fringe benefit contributions to the Funds.

9. The CBA and Agreements and Declaration of Trust specifically require Jim George LLC to:

   (a) Submit monthly reports stating the names and number of hours worked by every person on whose behalf contributions are required and accompany the reports with payment of contributions based on an hourly rate identified in the CBA;

   (b) Compensate the Funds for the additional administrative costs and burdens imposed by its delinquency through payment of liquidated damages in the amount of ten percent of untimely contributions, or twenty percent of such contributions should the Funds be required to file suit;

   (c) Pay interest to compensate the Funds for the loss of investment income;

   (d) Make its payroll books and records available to the Funds for the purpose of an audit to verify the accuracy of past reporting, and pay any and all costs incurred by the Funds in pursuit of an audit where a delinquency in the reporting or submission of contributions is identified;

(e) Pay the Funds' reasonable attorneys' fees and costs incurred in the prosecution of any action to collect outstanding reports, delinquent contributions, or compliance with an audit request;

(f) Furnish to the Funds a bond in an amount acceptable to the Funds.

10. Jim George LLC has become delinquent in the submission of its reports and contributions due the Funds. As a result of this delinquency, it owes the Funds contributions, liquidated damages, and interest.

11. ERISA states: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

12. Where an employer fails to submit contribution reports and contributions timely, ERISA permits the Funds to file suit under ERISA to collect the fringe benefit contributions, liquidated damages, interest, attorneys' fees and costs. 29 U.S.C. § 1132 (g). ERISA also permits the Funds to seek an injunction that requires submission of outstanding reports so that the Funds may determine whether additional sums are due to the Funds. Alternatively, the Funds may seek an audit to establish whether such sums are due, and/or estimate the amounts due.

13. Jim George LLC has violated ERISA and breached the CBA and the Agreements and Declarations of Trust because it has failed to timely submit its reports and contributions to the Funds and refused to pay liquidated damages and interest that has accrued.

14. Upon careful review of all records maintained by the Funds, and after application of any and all partial payments made by Jim George LLC there is a total of $582,046.59 known to be due the Funds from Jim George LLC, before the assessment of fees and costs, and subject

to the possibility that additional contributions, liquidated damages, and interest will become due while this lawsuit is pending.

WHEREFORE, the Funds respectfully request that the Court:

A. Enter judgment in favor of the Funds and against Jim George LLC for all unpaid contributions as identified in Jim George LLC's contribution reports;

B. Enjoin Jim George LLC to perform specifically its obligations to the Funds, including submission of the required reports and contributions due thereon to the Funds in a timely fashion as required by the plans and by ERISA;

C. Enjoin Jim George LLC at the Funds' option to submit to an audit of its payroll books and records in order to determine whether Jim George LLC owes additional sums to the Funds, and pay the costs of such an audit; or alternatively at the Funds' option require Jim George LLC to pay any contributions reasonably estimated to be due by the Funds for the period when Jim George LLC failed and refused to timely submit contribution reports;

D. Enter judgment against Jim George LLC and in favor of the Funds for liquidated damages, interest, attorneys' fees and costs associated with all delinquent contributions;

E. Provide the Funds with such further relief as may be deemed just and equitable by the Court, all at Jim George LLC's cost.

Dated: August 28, 2018                               Respectfully submitted,

By:  /s/ Steven A. Davidson
One of the Attorneys for the Plaintiffs

Attorneys for Local 150:                Attorney for the Funds:
Dale D. Pierson                         Steven A. Davidson
Steven A. Davidson                      James Connolly Jr.
James Connolly Jr.                      Institute for Worker Welfare, P.C.
Local 150 Legal Dept.                   6141 Joliet Road
6140 Joliet Road                        Countryside, IL 60525
Countryside, IL 60525                   Ph: (708) 579-6613
Ph: (708) 579-6663                      Fx: (708) 588-1647
Fx: (708) 588-1647                      sdavidson@local150.org
dpierson@local150.org                   jconnolly@local150.org
sdavidson@local150.org
jconnolly@local150.org

4